IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cr-137 |
| v. | |
| SHAWN A. GREEN, | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's December 21, 2021, Report and Recommendation, (doc. 33), to which Defendant Shawn A. Green has filed objections, (doc. 34). Green's objections have no merit and are, for the reasons explained below, **OVERRULED**. Accordingly, his motion to suppress is **DENIED**. (Doc. 25.)

Green moves to suppress a gun found in his vehicle during a traffic stop, arguing that the stop was unlawful at its inception and, alternatively, that it was unnecessarily prolonged. (Doc. 25 at 1-2.) As to the initial stop, Green contends that the officer was operating under a "mistake of law" in believing that he could stop Green for driving a car with a paper license tag that simply read "Test Drive." (Doc. 25 at 6.) Even if the initial stop were permissible, he argues that the stop was unlawfully prolonged beyond the time reasonably required to investigate the alleged traffic infraction. (Id. at 7-9.)

Savannah Police Officer Ryan Price initially stopped Green because he was driving a car with a paper license tag that read, simply, "Test Drive." Doc. 33 at 2. The Magistrate Judge found that Officer Price "credibly testified that he initiated the stop of Green's vehicle after he

observed the vehicle's license tag and determined it to be invalid." (Id. at 5.) Price, upon seeing Green's tag, "knew that it did not contain the markings required for any valid tags contemplated by Georgia law." (Id.) Thus, the stop was predicated on Officer Price's observation of at least one traffic violation, and therefore supported by probable cause. (Id. at 6-7.) And, since Officer Price almost immediately smelled marijuana emanating from the vehicle, the Report and Recommendation concluded that the stop was not unlawfully prolonged as the vehicle search was supported by independent probable cause. (Id. at 8-9.)

As to the recommendation that the initial stop was supported by probable cause, Green argues that Officer Price was mistaken in his understanding of Georgia law, which, according to Green, prohibits law enforcement from stopping a vehicle for having a "paper tag." (Doc. 34 at 3-5.) Bius v. State, discussed by Green in his objection, demonstrates his misunderstanding of the applicable law. See 563 S.E.2d 527, 529 (Ga. Ct. App. 2002). In that case, the officer stopped the defendant's car because it had a "drive-out tag," and he "wanted to see if she had owned the car for less than 30 days." Id. The Georgia Court of Appeals pointed out that "[t]he officer did not testify . . . that anything about the appearance of the drive-out tag was violating the vehicle registration laws." Id. The Court then overruled any of its prior cases that "would authorize a traffic stop *solely* because a vehicle was being operated with a dealer's drive-out tag." Id. at 530. (emphasis added). Here, as contrasted with the facts in Bius, Officer Price did testify that the appearance of the "Test Drive" tag on Green's car indicated that he was violating Georgia's vehicle registration laws. Price did not initiate a traffic stop *solely* because Green's car had a paper license tag; instead, he initiated the traffic stop because the paper license tag did not include any of the requirements for a temporary tag under Georgia law. See O.C.G.A. § 40-2-8(b)(2); Ga. Comp. R. & Regs. 560-10-32-.05.

2

Green is also incorrect that a mistake of law can never justify a traffic stop. (Doc. 34 at 2.) In Heien v. North Carolina, 574 U.S. 54, 57 (2014), the Supreme Court held that a mistake of law can give rise to the reasonable suspicion necessary to uphold a seizure under the Fourth Amendment. "[R]easonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition." Id. at 60. Where an officer's mistake of law is objectively reasonable, there is reasonable suspicion to justify a traffic stop. Id. at 68. So, even if Green's paper "Test Drive" license tag did not actually violate O.C.G.A. § 40-2-8, Officer Price's belief that it did, since it was clearly missing the statutory and regulatory requirements for a temporary tag, was objectively reasonable. See United States v. Harris, 653 F. App'x 709, 712 (11th Cir. 2016). Therefore, even if he was operating under a mistake of law, his mistaken understanding can still support the reasonable suspicion necessary to justify the initial stop. See Harris, 653 F. App'x at 710 ("A traffic stop is constitutional if it is based either upon probable cause to believe a traffic law has been violated or a reasonable suspicion of criminal activity.") (Citing United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008)).

The initial stop did not violate the Fourth Amendment, and, as the Magistrate Judge correctly noted, neither did the ultimate search of the vehicle. (Doc. 33 at 8-9.) Green contends that the stop was unlawfully prolonged because, even though Price testified that he smelled marijuana after approaching the car, that testimony was "not credible." (Doc. 34 at 7.) Green argues somewhat conclusorily that "Price simply used the alleged scent as a false pretext for searching Mr. Green's car." (Id.) To support this argument, he again raises the issue of Price's inability to recollect, during his testimony, whether the smell of marijuana was that of burnt or fresh. (Id.) The Magistrate Judge found Price's testimony about smelling the marijuana to be unequivocal and credible, (see doc. 33 at 3), and the Court accepts that determination of the

credibility of the witness.  See Amlong v. Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007) ("[T]he Supreme Court [has] made clear that § 636(b)(1) permits the district court to adopt the credibility findings made by a magistrate judge without conducting a new hearing before making a final determination." (citing United States v. Raddatz, 447 U.S. 667, 676 (1980))). Whether Price smelled burnt or fresh marijuana, either supplies the requisite probable cause. (Doc. 33 at 8-9.)

The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 33), as the opinion of the Court and **DENIES** defendant's Motion to Suppress, (doc. 25).

**SO ORDERED**, this 2nd day of February, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA